

*Fountain v. United States,* 357 F.3d 250, 254 (2d Cir.2004).

There is some question whether the detainer was based on an "untried indictment, information, or complaint," a prerequisite for application of IAD article III(a). *See Carchman v. Nash,* 473 U.S. 716, 725, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). But assuming *arguendo* that article III(a) was applicable here, it is clear that it was not violated. There is no evidence that any request for a speedy trial was actually delivered to the district court, and thus the 180–period prescribed by article III(a) never began to run. *Fex v. Michigan,* 507 U.S. 43, 52, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). Moreover, IAD claims are not cognizable under section 2255. *Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2d Cir.1991) (per curiam).

Espaillat argues that his trial counsel was constitutionally ineffective in failing to raise his IAD claim before the district court. Because this argument is outside the bounds of the COA, we will not address it. *Armienti v. United States,* 234 F.3d 820, 824 (2d Cir.2000). Espaillat does not argue or suggest that his counsel was under a duty to ensure proper delivery of the speedy trial request, and therefore we do not consider the issue. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

SWIFT SPINNING MILLS, INC., t/a Marubeni Denim, Plaintiff– Appellee,

v.

B & H APPAREL CORP., Defendant,

Mark Stern, Harry Ganapathy, Esther Stern, Eagle Apparel Group, Eagle Clothing Group, Star Eagle, Inc., Greystone One Ten Equities, Ltd., American Trading of East Coast, Inc., Avrom M. Schlussel, Pretty Kids, Inc., XYZ Companies 1–25, said names being fictitious, and John Does 1–50, said names being fictitious, Defendants–Intervenors–Appellants.

Nos. 03–7324, 03–7337.

United States Court of Appeals, Second Circuit.

April 30, 2004.

Leo Fox, Law Office of Leo Fox, New York, NY, for Appellants.

Ronald A. Berutti, Verde, Steinberg & Pontell, LLC, Fort Lee, NJ, for Appellee.

Present: McLAUGHLIN, SACK, Circuit Judges, and Nina GERSHON, District Judge.*

* Of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Andrea THOLKE, Plaintiff–Appellant,

v.

UNISYS CORPORATION, The Unisys Long–Term Disability Plan and the Unisys Employee Benefits Administrative Committee, Hartford Life and Accident Insurance Co., Lockheed Martin and the Lockheed Martin Long Term Disability Insurance Plan, Defendants–Appellees.[1]

No. 03–7615(L), 03–9023(CON).

United States Court of Appeals, Second Circuit.

May 5, 2004.

Robert J. Bach, New York, NY, for Plaintiff–Appellant.

Jennifer B. Courtian (Gregory I. Rasin, on the brief), Jackson, Lewis LLP, New York, NY, for Defendants–Appellees.

Present: OAKES, WINTER, and CALABRESI, Circuit Judges.

---

1. The official caption notwithstanding, Hartford Life and Accident Insurance Co. is not a party to this appeal due the district court's grant of a stipulated dismissal with prejudice.