06-3231-cv
Briggs Avenue v. Insurance Corp. of Hannover

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: November 15, 2007                    Decided: December 16, 2008)

Docket No. 06-3231-cv

BRIGGS AVENUE L.L.C.,

*Plaintiff-Appellant,*

− v. −

INSURANCE CORPORATION OF HANNOVER,

*Defendant-Appellee.*

Before: LEVAL, CALABRESI, and WESLEY, *Circuit Judges*.

Appellant asserts that the District Court, which found that Appellee's disclaimer of coverage was valid, erred in dismissing its complaint. Following certification to the New York Court of Appeals, the judgment of the District Court is AFFIRMED.

<div style="margin-left:40%">

DANIEL J. SCHER, Scher & Scher, P.C., Great Neck, N.Y., *for Plaintiff-Appellant*.

NANCY LYNESS, White Fleischner & Fino, LLP, New York, N.Y., *for Defendant-Appellee*.

</div>

PER CURIAM:

Briggs Avenue LLC ("Briggs" or "Appellant") appealed from the judgment of the United States District Court for the Southern District of New York (Lynch, *J.*) dismissing its complaint, and holding that the Insurance Corporation of Hannover ("ICH" or "Appellee") had validly asserted a disclaimer of coverage. We certified a question to the New York Court of Appeals. Having received an answer from that court, we now affirm the judgment of the District Court.

The facts of this case were set forth in detail in our first opinion in this case. *See Briggs Ave. LLC v. Ins. Corp. of Hannover*, 516 F.3d 42 (2d Cir. 2008). Relevantly, Briggs filed an action in New York State Supreme Court seeking a declaratory judgment that ICH, its insurer, be required to defend and indemnify Briggs in a personal injury lawsuit filed by one of Briggs's tenants against Briggs. ICH removed the suit, pursuant to 28 U.S.C. § 1441, to federal district court in the Southern District of New York.*

Before the District Court, ICH moved for judgment on the pleadings and/or summary judgment on the ground that Briggs failed to comply with various notice requirements contained in its insurance policy. Briggs cross-moved for summary judgment. The district court granted ICH's motion, denied Briggs's cross-motion, and dismissed the case with prejudice. *Briggs Ave. LLC v. Ins. Corp. of Hannover*, No. 05 Civ. 4212, 2006 WL 1517606 (S.D.N.Y. May 30, 2006). Briggs appealed that decision. Finding that this case raised a question of state law that had not yet been addressed by the New York Court of Appeals and that had led to divergent opinions in the federal district courts, we certified the following question to the New York Court of Appeals: "Upon all the facts of this case, given the terms of the insurance policy and the reason for the

---

* ICH is an Illinois corporation. Briggs is a New York limited liability company.

insured's failure to give more prompt notice of the lawsuit to the insurer, should the insurer's disclaimer of coverage be sustained?" *Briggs*, 516 F.3d at 49-50.

The New York Court of Appeals accepted this case on certification. It issued its decision on November 20, 2008, *see Briggs Ave. LLC v. Ins. Corp. of Hannover*, No. 163, 2008 NY Slip Op 09004 (N.Y. Ct. App. Nov. 20, 2008), and held that "a liability insurer is entitled to disclaim coverage when the insured, because of its own error in failing to update the address it had listed with the Secretary of State, did not comply with a policy condition requiring timely notice of a lawsuit." *Id.* at *1.

This holding resolves the present suit, in which Briggs failed to update the address it had listed with the Secretary of State, and as a result did not receive a summons and complaint against it in time to notify ICH in accordance with a policy condition requiring timely notice of a lawsuit. ICH's disclaimer of coverage was therefore validly asserted and upheld.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.