08-4827-cv
Doe v. Constant

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand nine.

PRESENT:
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
                *Circuit Judges,*
        JOHN F. KEENAN,[*]
                District Judge.

_____

Jane Doe 1, Jane Doe II, Jane Doe III,

      *Plaintiffs-Appellees*,

      v.                                08-4827-cv

Emmanuel Constant, a/k/a Toto Constant,

      *Defendant-Appellant*.

_____

_____

[*]John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: EMMANUEL CONSTANT, *pro se*, Coxsackie, NY.

FOR PLAINTIFFS-APPELLEES: DANIEL G. PANCOTTI, Sonnenschein Nath & Rosenthal LLP, New York, NY (on the brief); Ivor E. Samson, Sonnenschein Nath & Rosenthal LLP, San Francisco, CA; Natasha Fain, Center for Justice & Accountability, San Francisco, CA; Jennifer Green, Center for Constitutional Rights, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **AFFIRMED**.

Defendant-Appellant Emmanuel Constant, *pro se*, appeals the district court's denial of his Federal Rules of Civil Procedure 60(b)(4) motion for relief from the court's entry in August 2006 of a default judgment against him, finding him liable under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 (note), for attempted extrajudicial killing, torture, and crimes against humanity, and awarding Plaintiffs-Appellees Jane Does I, II, III ("Plaintiffs") $19 million in compensatory and punitive damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, because Constant did not argue before the district court that Plaintiffs failed to adequately plead violations of the law of nations under the ATS, or that the district court's default judgment violated his due process rights, we decline to consider those arguments. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (recognizing the well-established general

2

rule that a court of appeals will generally not consider an issue raised for the first time on appeal); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)).[1]

We review *de novo* the district court's denial of a motion to vacate a default judgment under Rule 60(b)(4), recognizing that "a deferential standard of review is not appropriate because if the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004)). However, to the extent the district court's denial of a Rule 60(b)(4) motion turns on findings of fact, we review those findings for clear error. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (reviewing factual findings for clear error, but reviewing conclusions of law based on those findings *de novo*). "In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court plainly usurped jurisdiction . . . [i.e.,] when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Central Vermont Public Service Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (internal quotations omitted); *accord*

---

[1] Even if we considered these arguments, they are unavailing. Constant fails to present anything but conclusory allegations in support of his due process claim. As to the other claim, Plaintiffs adequately pleaded violations of the law of nations under the ATS. *See Kadic v. Karadzic*, 70 F.3d 232, 239 (2d Cir. 1995) (complaint alleging violations of the law of nations is adequately pleaded if "the defendant's alleged conduct violates well-established, universally recognized norms of international law" (internal quotations omitted)); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004) (torture is a violation of the law of nations (citing *Filartiga v. Pena-Irala*, 630 F.2d 876, 890 (2d Cir. 1980)); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 256 (2d Cir. 2009) (crimes against humanity may be asserted under the ATS); *Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 249 (2d Cir. 2003) (recognizing that extrajudicial killings "violate customary international law" – i.e., the law of nations – and would be actionable under the ATS).

*Nemaizer v. Baker*, 793 F.2d 58, 65-66 (2d Cir. 1986).

I.      Subject Matter Jurisdiction

Constant argues that the district court's judgment is void because the court lacked subject matter jurisdiction to enter a default judgment, given that: (1) Plaintiffs' claims were untimely; (2) Plaintiffs failed to exhaust other available remedies; (3) some of Plaintiffs' claims were barred by *res judicata*; and (4) Plaintiffs failed to present sufficient evidence that he acted under color of law to render him liable under the ATS or the TVPA.  However, only this last claim of error potentially implicates the district court's subject matter jurisdiction, as the first three are merely affirmative defenses.  *See United States v. Walsh*, 700 F.2d 846, 855-56 (2d Cir. 1983) (timeliness under a statute of limitations is not jurisdictional, but is an affirmative defense that may be forfeited or waived); *Jean v. Dorelien*, 431 F.3d 776, 781 (11th Cir. 2005) ("[T]he exhaustion requirement pursuant to the TVPA is an affirmative defense."); *Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 398 (2d Cir. 2003) (holding that, as an affirmative defense, *res judicata* does not – except in rare circumstances not applicable here – affect a court's jurisdiction).

In *Kadic*, this Court held that the ATS "confers federal subject-matter jurisdiction when the following three conditions are satisfied: (1) an alien sues (2) for a tort (3) committed in violation of the law of nations (*i.e.*, international law)." *Kadic*, 70 F.3d at 238.  Constant only challenges the third prong of this standard – namely, that Plaintiffs failed to sufficiently allege that his actions were committed under color of law; the other two prongs are not in dispute.  However, this argument fails.  A review of Plaintiffs' complaint indicates that Plaintiffs alleged sufficient facts to demonstrate that, for purposes of establishing jurisdiction under the ATS,

Constant's actions were sufficiently intertwined with those of the Haitian government to constitute state action. *See id.* at 245 ("The 'color of law' jurisprudence of 42 U.S.C. § 1983 is a relevant guide to whether a defendant has engaged in official action for purposes of jurisdiction under the Alien Tort Act."); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (holding that an individual acts under color of law under § 1983 where she acts with state officials or with significant state aid).

Here, Plaintiffs alleged that Constant founded the *Front Revolutionnaire Pour L'Avancement et le Progres d'Haiti* ("FRAPH") in 1993, and worked in concert with the Haitian military to terrorize and repress the civilian population. Plaintiffs further alleged that FRAPH members received weapons, training, and financial support from the Haitian military, and that, at the time Plaintiffs were victimized by FRAPH troops, Constant exercised command and control over FRAPH forces, which operated as an extension of the Haitian armed forces and under the auspices of the Haitian political police, the latter of which reported directly to the commander of the Haitian armed forces. Additionally, the district court's findings of fact confirmed these allegations. Based on testimony from the evidentiary hearing, the district court concluded that: (1) "Constant was at all times the de facto leader of FRAPH and was active in its daily operations"; (2) "[h]e communicated regularly with top commanders in the armed forces, and received funding from the military to support FRAPH activities"; and (3) "[FRAPH] exacted widespread violence against opponents of the military regime, including . . . plaintiffs Jane Does I, II, and III . . . [by] raid[ing] neighborhoods populated by Aristide supporters, raping and abducting its targets." Based on these allegations, Plaintiffs clearly pled sufficient facts to satisfy the color of law requirement under the ATS to vest the district court with subject matter

jurisdiction over their claims.

For similar reasons, Plaintiffs also alleged sufficient facts to vest the district court with subject matter jurisdiction over their TVPA claims. Unlike the ATS, the TVPA expressly "renders liable only those individuals who have committed torture or extrajudicial killing 'under actual or apparent authority, or color of law, of any foreign nation.'" *Kadic*, 70 F.3d at 245 (quoting TVPA, 28 U.S.C. § 1350 (note) § 2(a)). However, like under the ATS, "in construing the term[] . . . 'color of law,' courts are instructed to look to . . . jurisprudence under 42 U.S.C. § 1983." *Id.* Accordingly, because Plaintiffs pled sufficient facts to demonstrate that Constant acted under color of law for purposes of the ATS, they also satisfied this requirement under the TVPA, and thus the district court had subject matter jurisdiction to consider Plaintiffs' claims under both statutes.

II.     Personal Jurisdiction

Constant's argument that the district court lacked personal jurisdiction to enter a default judgment is without merit. As a general matter, there is no dispute that Constant received personal service of the summons and complaint in January 2005, and therefore had actual notice of the district court proceedings; his only argument is that service was improper because the summons misstated the full name of the FRAPH and incorrectly indicated that he was a "commander" of the group. However, Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure provides only that a summons "be directed to the defendant," and this rule is "to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); *see also McGann v. State of New York*, 77 F.3d 672, 674 (2d Cir. 1996). Thus, because Constant received

6

actual notice, and because any defects in the summons were purely clerical, service of process was sufficient to vest the district court with personal jurisdiction.

As a final matter, Constant argues that the district court should have construed his motion as brought pursuant to Rule 60(b)(6) and, as construed, granted the motion on the basis of "extraordinary circumstances" – namely, that he was incarcerated when the default judgment was entered, and that his attorney was allegedly "grossly negligent" in failing to respond to Plaintiffs' summons and complaint. Neither of these arguments have merit. "[A] Rule 60(b)(6) motion requires extraordinary circumstances which typically do not usually exist where the applicant fails to more for relief promptly." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quotation marks omitted). Here, Constant did not file his motion until more than a year after the district court entered default judgment, and, despite his assertion of attorney misconduct, he presented no evidence in support of this basis for relief apart from the conclusory allegation that his counsel failed to file a notice of appearance in the district court. Moreover, although he asserts that his incarceration should have been considered by the district court, Constant was not in prison at the time he received service of process; indeed, Constant did not enter prison until July 2006, more than a year and a half after service was made, and less than a month before the district court entered a default judgment. Therefore, Constant failed to demonstrate extraordinary circumstances, and, to the extent his motion could have been construed as brought under Rule 60(b)(6), the district court's refusal to grant the motion was not an abuse of discretion. *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) ("A motion seeking [Rule 60(b)(6)] relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." (quoting *Nemaizer*, 793

7

F.2d at 61-62)).

Accordingly, in light of the above, it cannot be said that the district court "plainly usurped [its] jurisdiction" by entering a default judgment, and the court's denial of Constant's Rule 60(b)(4) motion was therefore correct.

We have considered all of Constant's remaining claims of error and found them to be without merit. Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____