### TRUSTEES OF the LOCAL 531 PENSION FUND, Plaintiff,

v.

### AMERICAN INDUSTRIAL GASES, INC., Defendant.

### No. 07–CV–579 (ENV)(JRA).

United States District Court, E.D. New York.

April 26, 2010.

---

Rachel S. Paster, Cary Kane LLP, New York, NY, for Plaintiff.

### MEMORANDUM AND ORDER

VITALIANO, District Judge.

On January 9, 2007, plaintiff Trustees of the Local 531 Pension Fund ("Local 531") filed a complaint against defendant American Industrial Gases, Inc. ("AIG") to recover unpaid withdrawal liability pursuant to § 502 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendant now seeks to vacate a default judgment entered by this Court in May 2007. For the reasons discussed below, defendant's motion is denied.

### Background

On February 15, 2007, Local 531 filed an affidavit of service indicating that a summons and complaint had been served on AIG by delivering copies to the New York Secretary of State. (*See* Docket # 2.) On March 7, 2007, Magistrate Judge Joan M. Azrack scheduled an initial conference and required plaintiff's counsel to confirm that defendant and all other necessary parties were apprised. (*See* Docket # 4.) That same day, plaintiff's counsel filed a "certificate of service" indicating that she mailed Judge Azrack's order by certified mail, return receipt requested, to defendant at two addresses: (1) 1819 Gilford Avenue, New Hyde Park, N.Y. 11040; and (2) c/o Ronald Marson, 1630 George Street, Ridgewood, N.Y. 11385. (*See* Docket # 3.)

On May 9, 2007, upon motion of plaintiff, the Clerk of the Court issued a certificate of default noting that defendant failed to appear. (*See* Docket # 6.) A day later,

this Court granted plaintiff's motion for default judgment in the amount of $148,901.63. (*See* Docket # 8.) The record is silent until December 11, 2009, when plaintiff filed proof of service of a writ of execution for $148,901.63 on Thomas Biedermann, Vice President of Airweld, Inc., at 94 Marine Street, Farmingdale, N.Y. 11735. (*See* Docket # 10.) A subsequent letter from counsel explained that defendant was sold to Airweld on May 25, 2004. (*See* Docket # 15.)

Defendant now seeks to vacate the default judgment, arguing that it never received the summons and complaint and that it has a meritorious defense to the underlying action that warrants reopening the case. Defendant notes that it has not been at the New Hyde Park address since May 2004, and has not been at the Ridgewood address for 30 years. (Def.'s Br. at 5.) Defendant sold its business to Airweld, Inc. in May 2004 and all communications addressed to AIG at its previous business location "were forwarded by Airweld, Inc. to [AIG]'s accountant, Leon D. Alpern & Co." in Woodbury, New York. (*Id.* at 6.)

### Discussion

■ A motion to vacate a default judgment is "addressed to the sound discretion of the district court." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998). Although defendant fails to refer to the Federal Rules of Civil Procedure in its moving papers, the motion could only be properly brought pursuant to Rule 60(b), which states that "the court may relieve a party or its legal representative from a final judgment" for reasons including, "(1) mis-take, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief." [1] AIG's motion alleges no fraud or misconduct, satisfied judgments, or newly discovered evidence, so the only possible grounds for vacatur are (1), (4), and (6). However, Rule 60(c) makes it clear that motions made pursuant to subsection (1) must be made "no more than a year after the entry of the judgment or order." Since defendant brings its motion over two and a half years after entry of the default judgment, any reliance on "mistake" or "excusable neglect" is now time-barred. Further, the catchall provision of subsection (6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986) (internal citations omitted); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n. 8 (2d Cir.2006) ("[A] Rule 60(b)(6) motion requires extraordinary circumstances, which typically do not usually exist where the applicant fails to move for relief promptly.") (internal quotation marks omitted). In any event, since the essence of defendant's claim is that the judgment is void for want of personal ju-

---

1. Rule 55(c) explicitly distinguishes between setting aside "an entry of default," which can be accomplished by showing "good cause," and setting aside a "default judgment under Rule 60(b)." *See Kuklachev v. Gelfman*, 08–CV–2214, 2009 WL 497576, at *2 n. 4, 2009 U.S. Dist. LEXIS 15592, at *9 n. 4 (E.D.N.Y. Feb. 26, 2009), *aff'd*, 361 Fed.Appx. 161 (2d Cir.2009) ("The 'good cause' standard for setting aside entry of default, pursuant to 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment under Rule 60(b) ... because the entry of default is akin to an interlocutory order, whereas a default judgment has the force of a final judgment.") (internal citations omitted).

risdiction, Rule 60(b)(4) affords a logical potential ground for relief. Rule 60(b)(6) is therefore inapplicable.

■ Giving defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is "void" pursuant to Rule 60(b)(4) because Local 531 failed to adequately serve process, and thus the Court lacked personal jurisdiction. *See Arista Records, Inc. v. Musemeci*, 03–CV–4465, 2007 WL 3124545, at *2, 2007 U.S. Dist. LEXIS 81630, at *5–*6 (E.D.N.Y. Sept. 19, 2007) ("Although he does not specifically cite Rule 60(b)(4), defendant alleges that he was never served with a summons or complaint.... The court construes this as a motion to vacate the default judgment on the ground that the default judgment was void for want of personal jurisdiction."); *see also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir.2008) (noting that "Rule 60(b)(4) was properly invoked to challenge lack of personal jurisdiction"); *Orix Fin. Servs. v. Phipps*, 91–CV–2523, 2009 WL 30263, at *2, 2009 U.S. Dist. LEXIS 530, at *4–*5 (S.D.N.Y. Jan. 6, 2009) (addressing a rule 60(b)(4) motion to vacate a default judgment for want of *in personam* jurisdiction due to defective service of process). As for timeliness, even though a Rule 60(b)(4) motion "must be made within a reasonable time," Fed. R.Civ.P. 60(c)(1), "[c]ourts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time." *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir.1997) (internal quotation marks omitted).

■ In the case at bar, however, the Court need not rule on the timeliness of the proposed motion because it would fail on the merits anyway; plaintiff unquestionably served the necessary process on defendant under New York law.

The Federal Rules of Civil Procedure provide that a summons and complaint may be served on a corporation "pursuant to the law of the State" in which the District Court is located. Fed.R.Civ.P. 4(h)(1) (referring to Fed.R.Civ.P. 4(e)(1)). New York permits service based on delivery of the summons and complaint to the New York Secretary of State as an agent of the corporation. N.Y. Bus. Corp. Law § 306(b)(1) ("Service of process on such corporation shall be complete when the secretary of state is so served."); *see Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254–55 (2d Cir.1995). In this case, Local 531 submitted proof that it properly served such process. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir.2002) (noting that under New York Law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [defendant] was properly served"). What's more, defendant does not even claim that plaintiff did not properly comply with the statute authorizing service of the Secretary of State. Nor is there any suggestion that plaintiff engaged in any "sharp practice" by serving process on an address it knew was obsolete. Instead, AIG simply points out that it did not actually receive process and that it has not used the address to which service was forwarded for 30 years.

At the same time, it is also crystal clear that the Ridgewood forwarding address, which AIG says it vacated 30 years ago, was—and continues to be [2]—the address

---

2. Plaintiff has provided an April 7, 2010 print-

out of AIG's listing from the New York Secre-

on file with the New York Secretary of State as the "Process Address to which [the Secretary of State] will mail process if accepted on behalf of the entity."

Business entrepreneurs legitimately resort to a corporate form to limit liability. As creatures of the law, naturally, corporations must strictly comply with organizational requirements of the law of their creation. In New York, the business corporation law requires that corporations like AIG register with the Secretary of State and authorize the Secretary to State to accept legal process to guarantee that those aggrieved by their acts or omissions can have access to justice. *See* N.Y. Bus. Corp. Law § 304(a)-(b) ("No domestic or foreign corporation may be formed or authorized to do business in this state ... unless in its certificate of incorporation or application for authority it designates the secretary of state as such agent [to receive process]."); *see also Chong v. Healthtronics, Inc.,* 06–CV–1287, 2007 WL 1836831, at *10, 2007 U.S. Dist. LEXIS 45956, at *30 (E.D.N.Y. June 20, 2007) ("A voluntary use of certain state procedures, as in [the case where the defendant is authorized to do business in the State and designates the Secretary of State as its agent for service of process pursuant to section 304 of the New York Business Corporation Law], is in fact a form of constructive consent to personal jurisdiction which has been found to satisfy due process.") (*quoting Augsbury Corp. v. Petrokey Corp.,* 97 A.D.2d 173, 176, 470 N.Y.S.2d 787, 789 (3rd Dep't. 1983)).

Live by the sword; die by the sword. AIG's own wilfulness or gross negligence in failing to comply with the law and update its address in the Secretary of State's register explains any lack of actual notice, but does not change the fact that process

was proper and complete, and that it conferred personal jurisdiction of this Court over AIG in this case. Indeed, even if defendant was not time-barred and could argue "excusable neglect" under 60(b)(1), AIG's failure to update its address would militate strongly against vacatur. *See Swift Spinning Mills v. B & H Apparel,* 00–CV–652, 2003 WL 942610, at *1–*2, 2003 U.S. Dist. LEXIS 4120, at *4 (S.D.N.Y. Mar. 5, 2003), *aff'd,* 96 Fed. Appx. 761 (2d Cir.2004) ("[D]efaults caused by negligence may in some cases be excusable, but ... [h]ere, [defendant's] failure to notify the Secretary of State of its change of address constitutes willful conduct, and is not excusable."); *see also Estrella v. P.R. Painting Corp.,* 06–CV–717, 2006 WL 3359485, at *2, 2006 U.S. Dist. LEXIS 84180, at *5 (E.D.N.Y. Nov. 20, 2006) (noting that "it seems that the fault lies with the Defendant, since it is the one responsible for ensuring that its registered address with the state for purpose of process is correct"); *Briggs Ave., LLC v. Ins. Corp. of Hannover,* 05–CV–4212, 2006 WL 1517606, at *5, 2006 U.S. Dist. LEXIS 34854, at *14–*15 (S.D.N.Y. May 31, 2006), *aff'd,* 550 F.3d 246 (2d Cir.2008) (noting that state courts have held that failure to apprise the Secretary of State of an address change is not a proper ground for vacating a default judgment); *see generally Nouveau Elevator Indus. v. Cont'l Cas. Ins. Co.,* 05–CV–813, 2006 WL 1720429, at *5–*6, 2006 U.S. Dist. LEXIS 41495, at *17–*20 (E.D.N.Y. June 21, 2006) (discussing vacatur under New York law where defendants fail to update addresses).

Defendant also argues—and plaintiff disputes—that it has a meritorious defense to the underlying complaint, and that the existence of a bona fide defense strategy strongly favors reopening the case. This

tary of State website that listed the Ridgewood address. (Pl.'s Opp. Br. Ex. 6.) The

Court also searched the website and retrieved the same information on April 21, 2010.

argument appears to assume that the Court should employ the equitable analysis applicable to vacatur of a default pursuant to Rule 55(c) ("good cause") or that applicable to a motion to vacate a default judgment under Rules 60(b)(1) and (b)(6), namely that "the Court should weigh three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *Gesualdi v. Tapia Trucking, LLC.*, 09–CV–842, 2009 U.S. Dist. LEXIS 82958, at *3 (E.D.N.Y. Aug. 12, 2009) (internal quotation marks omitted). However, "[i]n the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court plainly usurped jurisdiction ... [i.e.,] when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Cent. Vt. Pub.Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir.2003) (emphasis added) (internal quotation marks omitted). "There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 1990); *see also Doe v. Constant*, 354 Fed.Appx. 543, 546–47 (2d Cir.2009) (affirming denial of Rule 60(b)(4) motion without analysis of the equitable factors). Whether defendant has a meritorious defense is therefore irrelevant here, as is the balance of the more relaxed analysis for vacatur under Rules 55(c), 60(b)(1), and 60(b)(6), for relief is unavailable on this motion pursuant to any of those subsections. Clearly, relief is available only if movant satisfies the Rule 60(b)(4) requirements—which it does not do.

### Conclusion

Accordingly, the Court finds that when the default judgment was entered, the Court had personal jurisdiction over AIG and, therefore, that the judgment was not void. The motion to vacate under Rule 60(b)(4) is, accordingly, groundless and is denied.

The Clerk is directed to return the case to the closed docket.

SO ORDERED.