Securities & Exchange Commission v. Amerindo Investment Advisors et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

SECURITIES & EXCHANGE COMMISSION,
         Plaintiff-Appellee,

         -v.-                                    14-2425

AMERINDO INVESTMENT ADVISORS et al.,
         Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:            VIVIAN SHEVITZ, South Salem, New York.

FOR APPELLEE:              EMILY T.P. ROSEN (with Anne K. Small, Michael A. Conley, John W. Avery & Stephen G. Yoder on the brief), UNITED STATES SECURITIES & EXCHANGE COMMISSION, Washington, D.C.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Amerindo Investment Advisors Inc. et al. appeal from the judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>), granting summary judgment, in favor of plaintiff-appellee Securities & Exchange Commission ("SEC"), and ordering various remedies. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Appellants contend that Section 30(b) of the Securities Exchange Act barred the SEC enforcement proceeding. But Section 30(b) is inapplicable because the transactions at issue were domestic in character, i.e., "the purchaser incurred irrevocable liability within the United States to take and pay for a security, or . . . the seller incurred irrevocable liability within the United States to deliver a security." <u>Absolute Activist Value Master Fund Ltd. v. Ficeto</u>, 677 F.3d 60, 68 (2d Cir. 2012). For similar reasons, appellants' argument based on <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 561 U.S. 247 (2010), must be rejected; <u>Absolute Activist</u> clearly defined "domestic transactions" in the wake of <u>Morrison</u>; and appellants fail to deal with the evidence showing that the victims of the fraud incurred irrevocable liability in the United States. <u>Absolute Activist</u>, 677 F.3d at 67. We acknowledged as much in the related criminal appeal. <u>See</u> <u>United States v. Vilar</u>, 729 F.3d 62, 77 (2d Cir. 2013) ("In light of these domestic transactions, we are persuaded that, based on the record evidence, a jury would have found that Vilar and Tanaka engaged in fraud in connection with a *domestic* purchase or sale of securities . . . ."). There is no basis for us to reconsider our decision in <u>Absolute Activist</u>.

**2.** Appellants claim that the district court lacked subject matter jurisdiction based on the applicable statute of limitations. <u>See</u> 28 U.S.C. § 2462. However, "most time bars are nonjurisdictional," and appellants "must clear a

2

high bar to establish that a statute of limitations is jurisdictional." United States v. Wong, 135 S.Ct. 1625, 1632 (2015). Appellants have not met this burden.

In any event, Vilar and Tanaka waived their statute of limitations defense by not raising it in their motion to dismiss the amended complaint. "A claim that a statute of limitations bars a suit is an affirmative defense, and, as such, it is waived if not raised in the answer to the complaint." Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742, 751-52 (2d Cir. 1992), as amended (Sept. 23, 1992) (citing Fed. R. Civ. P. 8(c)). In their motion to dismiss, Vilar and Tanaka only opposed the imposition of civil monetary penalties. As to the Entity Defendants, the statute of limitations defense was abandoned by their failure to appear and assert that defense. See Doe v. Constant, 354 F. App'x 543, 545 (2d Cir. 2009) (affirming entry of default judgment and noting that "timeliness . . . is an affirmative defense that may be forfeited or waived." (internal citation omitted)). The district court properly imposed disgorgement and injunctive relief and correctly limited civil penalties to "gains only from frauds occurring within the five-year statute of limitations for civil penalties." S.E.C. v. Amerindo Inv. Advisors, Inc., No. 05 Civ. 5231 (RJS), 2014 WL 2112032, at *11 (S.D.N.Y. May 6, 2014).

**3.** Appellants challenge the use of collateral estoppel based on their prior criminal convictions. "It is well-settled that a criminal conviction . . . constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978). Appellants proffer no persuasive reason to depart from this principle; they simply recite a string of unsubstantiated assertions that they failed to raise below--thus waiving these arguments--which do not, in any event, provide any reason to doubt the fairness of the prior criminal proceedings.

**4.** Appellants argue that the entry of default judgment against the Entity Defendants was inappropriate. "It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a

3

corporation repeatedly fails to appear by counsel, a default judgment may be entered against it . . . ." S.E.C. v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975) (citations omitted).  The district court ordered the Entity Defendants to appear at a hearing and show cause why default judgment should not be entered against them; they did not appear.  Appellants nevertheless challenge a number of facts in the complaint, something the Entity Defendants cannot do because "a default is an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).  Appellants also contend that the complaints were not properly served on the Entity Defendants; this, however, does not explain why they failed to appear at the show-cause hearing.  In any event, the Entity Defendants did not make this argument below; it is waived. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

   **5.**  Appellants take issue with each of the remedies imposed by the district court.  "Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits." S.E.C. v. First Jersey Sec., Inc., 101 F.3d 1450, 1474 (2d Cir. 1996).  Regarding disgorgement, appellants provide no basis to disturb the district court's conclusion that the SEC reasonably approximated the pertinent gains; at most, they point to some uncertainty in the calculations, but "the burden of that uncertainty must be borne" by appellants. S.E.C. v. Razmilovic, 738 F.3d 14, 35 (2d Cir. 2013).  As to the award of prejudgment interest, "[a] decision to grant prejudgment interest is 'confided to the district court's broad discretion, and will not be overturned on appeal absent an abuse of that discretion.'" S.E.C. v. Contorinis, 743 F.3d 296, 307 (2d Cir. 2014) (quoting Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1071-72 (2d Cir. 1995)).  "Prejudgment interest on a disgorgement amount is intended to deprive the wrongdoer of the benefit of holding the illicit gains over time by reasonably approximating the cost of borrowing such gain from the government." Id. at 308.  The district court's imposition of prejudgment interest furthered this aim, and "we detect no abuse of discretion by the district court in ordering

4

[appellants] to pay prejudgment interest." Id. Appellants further argue that the SEC was required to trace the ill-gotten gains, an argument that has been unambiguously rejected by this Court. See F.T.C. v. Bronson Partners, LLC, 654 F.3d 359, 374 (2d Cir. 2011) ("Indeed, it is by now so uncontroversial that tracing is not required in disgorgement cases that we recently rejected an argument to the contrary via summary order.").

Appellants challenge the civil penalties levied by the district court. "Beyond setting maximum penalties, the statutes leave 'the actual amount of the penalty . . . up to the discretion of the district court.'" Razmilovic, 738 F.3d at 38 (quoting S.E.C. v. Kern, 425 F.3d 143, 153 (2d Cir. 2005) (alterations in original)). The district court properly exercised its discretion in determining that Tier III penalties were appropriate, given appellants' egregious conduct, and in imposing civil penalties of $10,000,000 against both individual defendants and $17,969,803.27 against the Entity Defendants.

Appellants argue that the district court erred in its appointment of a receiver and in its approval of a plan for interim distributions. "There is no question that district courts may appoint receivers as part of their broad power to remedy violations of federal securities laws." S.E.C. v. Byers, 609 F.3d 87, 92 (2d Cir. 2010). And "once the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end." S.E.C. v. Wang, 944 F.2d 80, 85 (2d Cir. 1991). The district court conducted such a review in reaching its conclusion that pro rata distribution was fair and reasonable.

**6.** Appellants contend that the remedies violate the prohibition against Double Jeopardy in the Fifth Amendment and the Excessive Fines Clause in the Eighth Amendment. Because none of the remedies is criminal in nature, the "Double Jeopardy Clause is therefore inapplicable." S.E.C. v. Palmisano, 135 F.3d 860, 866 (2d Cir. 1998). As for the Eighth Amendment, "we determine whether the forfeiture is 'grossly disproportional to the gravity of a defendant's offense.'" United States v. Sabhnani, 599 F.3d 215, 262 (2d Cir. 2010) (quoting United States v. Bajakajian, 524 U.S.

321, 334 (1998)).  The indicia of disproportionality are virtually identical to the factors the district court evaluated in fashioning the appropriate remedies; hence, no Eighth Amendment violation appears on this record.

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK