14-3975-cv
SEC v. Cole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
                       GUIDO CALABRESI,
                       REENA RAGGI,
                                *Circuit Judges*.
------------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,
                                *Plaintiff-Appellee*,

                       v.                                                      No. 14-3975-cv

LEE COLE, LINDEN BOYNE,
                                *Defendants-Appellants*,

KEVIN B. DONOVAN, TIMOTHY QUINTANILLA,
                                *Defendants*.
------------------------------------------------------------------------

FOR APPELLANTS:                    Lee Cole, Linden Boyne, *pro se*, Leeds, United Kingdom.

FOR APPELLEE:                         Anne K. Small, General Counsel; Michael A. Conley, Deputy General Counsel; John W. Avery, Deputy Solicitor; Jeffrey A. Berger, Senior Litigation Counsel; Stephen G. Yoder, Senior Counsel, Securities and Exchange Commission, Washington, D.C.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 8, 2014, is AFFIRMED.

In this civil enforcement action, defendants Lee Cole and Linden Boyne, British citizens proceeding pro se, appeal from a final judgment in favor of the Securities and Exchange Commission ("SEC"), following the entry of a default judgment. Defendants do not challenge the default judgment; they fault only the final judgment for (1) holding them jointly and severally liable for approximately $14.7 million in ordered disgorged profits and prejudgment interest, (2) ordering each individually to pay $7.5 million in civil penalties, and (3) imposing other nonmonetary sanctions. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Disgorgement

Defendants argue that, because the SEC adduced "no proof whatsoever" that either of them personally benefitted from the fraudulent sale of shares in Electronic Game Card, Inc. ("EGMI"), Appellants' Br. 13, the district court abused its discretion by ordering disgorgement of—and imposing joint and several liability for—the full amount of illicit proceeds earned by the so-called "Gibraltar Entities." This disgorgement challenge, which we review for abuse of discretion, is meritless. See SEC v. Contorinis, 743 F.3d 296, 301 (2d Cir. 2014) (identifying standard of review).

2

Insofar as defendants disavow control over the Gibraltar Entities, their argument is foreclosed by the default judgment, which required the court to accept as true the Complaint's factual allegations that Cole and Boyne exercised power to dispose or direct the disposition of EGMI shares owned by the Gibraltar Entities. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Because the Complaint further alleged that defendants shared this power and—as former CEO, CFO, and directors of EGMI—acted in concert, the district court reasonably ordered disgorgement jointly and severally. See SEC v. AbsoluteFuture.com, 393 F.3d 94, 97 (2d Cir. 2004) (recognizing court's discretion to impose joint and several liability "for combined profits on collaborating or closely related parties"). To the extent defendants' challenge focuses instead on the purported absence of personal financial benefit, the argument is defeated by precedent. See SEC v. Contorinis, 743 F.3d at 305 (rejecting claim that wrongdoer "need disgorge only the financial benefit that accrues to him personally").

In any event, the referenced control allegations were corroborated by 46 SEC exhibits, which documented the fraudulent transactions in EGMI stock and demonstrated that the interrelated Gibraltar Entities were controlled by, or otherwise affiliated with, defendants. The district court correctly concluded that this preliminary evidentiary production was sufficient to shift the burden to defendants to demonstrate the unreasonableness of the SEC's disgorgement request. See generally SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013) ("The amount of disgorgement ordered need only be a reasonable approximation of profits causally connected to the violation." (internal quotation marks omitted)). Rather than offer evidence to meet this burden,

defendants simply denied wrongdoing without seeking relief from the default judgment. While defendants now attribute this failure to the court's refusal to follow Hague Convention procedures, we do not consider arguments, such as this one, that are raised for the first time in a reply brief. See United States v. Yousef, 327 F.3d 56, 115–16 (2d Cir. 2003). Even if the point were not forfeited, however, the argument fails because the Hague Convention is not the exclusive, or even primary, means for obtaining discovery from foreign litigants. See First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16, 21 (2d Cir. 1998) (citing Société Nationale Industrielle Aérospatiale v. U.S. District Court, 482 U.S. 522, 539–42 (1987)). Nor do defendants identify any "special problem" or sovereign interest that implicates concerns for international comity that would favor utilization of Hague Convention procedures. Id.

Accordingly, we identify no abuse of discretion in the district court's disgorgement order.

2. Civil Penalties

Defendants assert that $7.5 million in individual civil penalties "far exceeded the maximum permitted for either [one] if calculated based on any plausible theory of their respective gains from the transactions at issue." Appellants' Br. 17. We are not persuaded. Where, as here, defendants' securities violations involve fraud and result in substantial losses, the district court is entitled to impose "[t]hird tier" penalties up to "the gross amount of pecuniary gain to such defendant." 15 U.S.C. § 77t(d)(2)(C); see SEC v. Razmilovic, 738 F.3d at 38. Emphasizing Cole and Boyne's "close cooperation," the district court determined that each defendant's pecuniary gain was "best calculat[ed]" by

4

first determining the total gain to the fraudulent scheme, which here was approximately $12.2 million. Suppl. App'x 139. Defendants fail to show that this determination manifests abuse of discretion. See SEC v. Razmilovic, 738 F.3d at 38 (recognizing standard of review).

While civil penalties cannot be imposed jointly and severally against multiple defendants, see SEC v. Pentagon Capital Mgmt. PLC, 725 F.3d 279, 287–88 (2d Cir. 2013), multiple defendants can "each benefit from the same dollar of gain," in which case each can be penalized for that gain, SEC v. Amerindo Inv. Advisors Inc., No. 05 Civ. 5231(RJS), 2014 WL 2112032, at *11 n.11 (S.D.N.Y. May 6, 2014) (reasoning that "multiple defendants can, and often do, each benefit from the same dollar of gain"), aff'd, 639 F. App'x 752 (2d Cir.), cert. denied, 136 S. Ct. 2429 (2016). Any difficulty in apportioning gains here resulted from defendants' own refusal to respond to SEC discovery requests and to comply with court orders. See Suppl. App'x 72–77, 100. In these circumstances, the district court properly concluded that defendants should bear the burden of that uncertainty. Cf. SEC v. Contorinis, 743 F.3d at 306 (discussing "equitable principle that the wrongdoer should bear the risk of any uncertainty affecting the amount of the remedy"); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 73 (2d Cir. 1971) (reasoning that party "cannot be permitted to block the discovery of precise, clear and direct evidence and then be heard to complain that the evidence should have been more convincing"), rev'd on other grounds, 409 U.S. 363 (1973). Given the record evidence of defendants' (1) close collaboration in a fraud causing some $150 million in investor losses, (2) failure to admit any wrongdoing, and (3) willful disobedience of court

5

orders throughout the litigation, we identify no abuse of discretion in an award that penalizes each defendant $7.5 million, effectively recognizing that Cole and Boyne mutually benefitted from almost $3 million of the total $12.2 million gain.   See SEC v. Razmilovic, 738 F.3d at 38 (stating that, beyond setting maximum penalties, statute leaves amount of penalty to discretion of district court); see also SEC v. Amerindo Inv. Advisors, 639 F. App'x at 754–55.

Accordingly, we conclude that the district court did not exceed its discretion in ordering defendants to pay individual civil penalties of $7.5 million.

3.     Nonmonetary Sanctions

Because defendants' challenge to the district court's nonmonetary sanctions is presented only perfunctorily, we deem it waived.   See, e.g., United States v. Botti, 711 F.3d 299, 313 (2d Cir. 2013).   In any event, the district court's imposition of permanent injunctions, officer and director bars, and penny stock bars was well within its discretion. See SEC v. Bankosky, 716 F.3d 45, 47 (2d Cir. 2013) (discussing standard of review for employment bars); SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1477–78 (2d Cir. 1996) (reviewing permanent injunction for abuse of discretion).

4.     Conclusion

We have considered defendants' remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6