# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20664

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2016

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee

v.

DAMIAN OMAR VALDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2945

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

PER CURIAM:*

The Securities and Exchange Commission ("SEC") brought a civil complaint against Damian Omar Valdez and his two business entities for federal securities fraud arising out of secured note offerings made to investors. The district court found that Valdez and his business entities violated federal securities laws through the note offerings and by conducting a Ponzi scheme. The district court imposed a third-tier civil monetary penalty under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20664

Securities Act of 1933, 15 U.S.C. § 77t(d), and the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d), in the amount of the gross pecuniary gain to Valdez. Valdez appeals the district court's imposition of the civil penalty, challenging only the amount of the penalty.

Valdez did not present his specific arguments raised on appeal in opposition to the SEC's motion for final judgment before the district court, so we need not consider them here. *See N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996) (stating that the court "will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances"). Even if Valdez had timely and adequately presented these arguments, they are without merit.

Valdez first argues that the district court erred by imposing joint and several liability for the civil penalty against him and his business entities. *See SEC v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 287-88 (2d Cir. 2013) (holding that a civil penalty may not be imposed jointly and severally). However, the district court imposed a civil penalty only on Valdez based on the gross amount of pecuniary gain attributable to him, and then denied the SEC's motion for civil penalties against his business entities. The district court did not impose joint and several liability for the civil penalty.

Valdez next argues that the district court abused its discretion in calculating the civil penalty imposed on him based on the gross amount of pecuniary gain to him and his business entities in the aggregate. Valdez founded, owned, and controlled his business entities. The gain to Valdez's business entities inured to Valdez's benefit, and vice versa. The district court did not abuse its discretion in calibrating the amount of Valdez's civil penalty to include the gain to entities under Valdez's control, especially given that the parties' conduct was inseparable. *See, e.g., SEC v. Cole*, No. 14-3975-cv, 2016 WL 4703901, at *2 (2d Cir. Sept. 8, 2016) (stating that "multiple defendants

No. 15-20664

can each benefit from the same dollar of gain, in which case each can be penalized for that gain" (internal quotation marks omitted)); *SEC v. Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231, 2014 WL 2112032, at *11 (S.D.N.Y. May 6, 2014) ("[W]here multiple defendants mutually benefitted from the same gains, the best calculation of a single defendant's gain may be the total gains obtained by the group through that defendant's violations."), *aff'd*, 639 F. App'x 752 (2d Cir. 2016); *SEC v. GTF Enters., Inc.*, No. 10-CV-4258, 2015 WL 728159, at *4 (S.D.N.Y. Feb. 19, 2015) (finding that the same gross amount of pecuniary gain was "separately attributable to both [the individual defendant and corporate defendant] because, for all practical purposes, [they] acted as one unit and mutually benefited from the fraud").

Finally, Valdez argues that the district court abused its discretion by not offsetting the civil penalty by the amount of funds held in trust during execution of Valdez's fraudulent scheme and subsequently returned to investors post-fraud. Valdez controlled the investor funds at all times and used them to pay himself excessive fees. The funds were held in trust by a nominal trustee that had no discretion over use of the funds. Accordingly, the district court did not abuse its discretion in declining to offset the civil penalty in a way that would credit Valdez for funds returned to investors after his fraud was discovered. *See SEC v. Kern*, 425 F.3d 143, 153 (2d Cir. 2005) ("[T]he actual amount of the [civil] penalty [is] left up to the discretion of the district court.").

AFFIRMED.

3