**SECURITIES AND EXCHANGE COMMISSION, Appellee**

v.

**Gerald H. LEVINE and Marie A. Levine, Appellants.**

**No. 07–5205.**

United States Court of Appeals, District of Columbia Circuit.

May 12, 2008.

Leslie E. Smith, Senior Litigation Counsel, Securities & Exchange Commission, Washington, DC, for Appellee.

Christopher Blake Holley, Holley & Levine, Fairfax, VA, Michael James Winer, Winer & Associates PA, Ft. Lauderdale, FL, for Appellants.

Before: GINSBURG, BROWN, and GRIFFITH, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Gerald and Marie Levine reported to the SEC that their company, CEC, owned a collection of paintings worth $1.7 million and a large tract of land in Tennessee worth $800,000. They then sold the public CEC stock for $500,000. As it turned out, CEC's deed for the land was worthless and the artwork was worth at most $10,350.

In 1999 the SEC sued the Levines for securities fraud. The SEC noticed depositions against Gerald twice in October 2001 and once again in February 2002, but he refused to attend, claiming medical problems. He did not, however, produce any evidence of his disability, as ordered by the magistrate judge. On March 12, 2002, the Commission noticed a deposition for March 15; when Gerald did not appear, the magistrate judge entered an order precluding him from testifying at trial. Gerald did not appeal that order to the district court.

At trial the district court instructed the jury that it could draw an adverse inference from Gerald's failure to testify. He did not challenge that instruction, and the jury found the Levines liable. After a hearing to determine the appropriate remedy, the district court ordered the Levines

to disgorge their ill-gotten gains and imposed other penalties.

■ The Levines contend the jury instruction regarding Gerald's failure to testify was plain error. They point out that Gerald received only three days' notice for the March 15 deposition, less than the 11 days required by Local Rule of Civil Procedure 30.1; the SEC's representation to the magistrate judge that he did not attend his "duly noticed" deposition, therefore, was a "fraud on the court." They also contend the SEC was on notice that Gerald's lawyer would be unavailable for the deposition and there was no evidence Gerald was acting in bad faith. These arguments amount to an attack upon the preclusion order issued by the magistrate judge. Having failed to appeal that order to the district court, the Levines are barred from challenging it before us. *See CNPq–Conselho Nacional de Desenvolvimento Científico e Technologico v. Inter–Trade, Inc.,* 50 F.3d 56, 57–59 (D.C.Cir. 1995).

■ The Levines also argue the district court did not sufficiently explain why it gave the adverse instruction, but they never objected or asked for an explanation. In any event such instructions are not inappropriate in civil trials. *See Baxter v. Palmigiano,* 425 U.S. 308, 317, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

■ Finally, the Levines contend the district court abused its discretion by considering evidence not presented to the jury in the post-trial hearing on the appropriate remedy. According to the Levines, the SEC had a duty to submit all evidence in the case to the jury, even if that evidence was irrelevant to the issues the jury was required to resolve. The Levines provide no support for this proposition, nor does it make any sense.

We have considered and rejected the Levines' remaining contentions.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C.Cir. Rule 41(a)(1).