**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-1757**

———————————

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff – Appellee,

     v.

LEE BENTLEY FARKAS,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:10-cv-00667-LMB-TRJ)

———————————

Submitted:  January 31, 2014     Decided:  February 11, 2014

———————————

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lee Bentley Farkas, Appellant Pro Se.  Catherine Anne Broderick, David Lisitza, UNITED STATES SECURITIES & EXCHANGE COMMISSION, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Bentley Farkas was convicted in 2011 of one count of conspiracy to commit bank, wire, and securities fraud; six counts of bank fraud; four counts of wire fraud; and three counts of securities fraud. Concomitant to his criminal prosecution, the Securities and Exchange Commission ("SEC") filed a civil enforcement action alleging that Farkas violated the Securities Act of 1933, see 15 U.S.C. § 77q(a) (2012), the Securities Exchange Act of 1934, see 15 U.S.C. §§ 78j(b), 78m(b)(2), (b)(5) (2012), and the Exchange Act Rules, see 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, 240.13b2-1 (2013). The SEC sought, among other relief, a permanent injunction barring Farkas from committing future violations of the securities laws and an order prohibiting him from acting as officer or director of a company that had registered securities or was required to make financial reports to the SEC, or from serving in a senior management or control position at any mortgage-related company or financial institution or holding a position involving financial reporting at a public company.

The court stayed the civil action pending the resolution of Farkas' criminal case. Following Farkas' unsuccessful direct appeal of his conviction and sentence, see United States v. Farkas, 474 F. App'x 349 (4th Cir. 2012)

2

(unpublished), the SEC moved for summary judgment in the civil action, arguing that, under the doctrine of collateral estoppel, Farkas' conviction conclusively established his violation of the securities laws and provided undisputed facts sufficient to support the imposition of the requested injunctive relief. Following a response from Farkas, in which he raised certain challenges to the application of collateral estoppel, the court concluded that collateral estoppel was appropriate, granted summary judgment as to all claims, and imposed all requested injunctive relief. Farkas appeals this order.

I.

Farkas first raises two challenges to the district court's collateral estoppel analysis. To apply collateral estoppel, a party must show that

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004). We review the district court's application of collateral estoppel de novo, United States v. Fiel, 35 F.3d 997, 1005 (4th Cir. 1994), but we review all factual findings made in

3

connection with that ruling for clear error, Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 223 (4th Cir. 1998). We confine our review on appeal to the narrow issues Farkas raises in his informal brief. See 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief).

Farkas first asserts that the jury was improperly instructed on the definition of a "security" during his criminal trial and therefore that the district court in this case erred in relying on the jury's finding that Farkas committed fraud in connection with "securities." Because Farkas challenges this jury instruction for the first time on appeal, and the district court had no opportunity to pass on the merits of this issue, we review it for plain error. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

The district court did not plainly err in concluding that collateral estoppel barred relitigation of whether Farkas committed fraud in connection with "securities." This question was actually and necessarily resolved in Farkas' criminal trial. At the close of the trial, the jury was instructed that, to convict Farkas of securities fraud, it was required to find beyond a reasonable doubt that Farkas committed the alleged fraud in connection with securities of Colonial BancGroup. Additionally, Farkas' indictment alleged that Farkas and his co-conspirators made repeated fraudulent misrepresentations with

4

regard to mortgage pools in which Colonial Bank purchased a participation interest pending resale to third-party investors. These allegations similarly implicated the sale of securities. See Zolfaghari v. Sheikholeslami, 943 F.2d 451, 455 (4th Cir. 1991) (recognizing that "securities" include "participation interests in a managed pool of mortgage notes"). Thus, the question whether the fraud involved "securities" was clearly litigated, and the jury could not have convicted Farkas of securities fraud or conspiracy to commit securities fraud absent such a finding.

Farkas' argument that he lacked ample opportunity or incentive to challenge this essential element during his criminal proceedings is unavailing. Farkas provides no reason to suggest that he lacked an incentive to challenge the jury instruction defining "security" during his criminal trial. Instead, he simply argues that the jury instruction was wrong. Given that he could have, but did not, raise this objection at trial, "[i]t is just this type of argument . . . that collateral estoppel bars [him] from making." Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 2 (1st Cir. 1983) (a plaintiff cannot rely on "new theories, evidence, and arguments" to overcome collateral estoppel where plaintiff "had a fair opportunity to make these arguments and to introduce this evidence the first time"). See also Astoria Fed. Sav. & Loan

Ass'n v. Solimino, 501 U.S. 104, 107 (1991). ("[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise."); Liberty Mut. Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 763 (8th Cir. 2003) ("[M]ost courts require more to avoid issue preclusion than simply an assertion that the previous decision was wrong.").

Farkas' second argument regarding collateral estoppel fares no better. He contends that he did not have a full and fair opportunity to litigate the materiality of the misstatements and omissions underlying his fraud convictions because the court in his criminal prosecution limited his counsel's ability to question two witnesses as to the precise monetary amount of the fraud. We have already rejected Farkas' challenge to the court's evidentiary ruling regarding one of these witnesses, who Farkas sought to cross-examine to show that his salary and costs "reduced the amount of TBW assets available to pay its creditors." Farkas, 474 F. App'x at 357. As the district court concluded, this inquiry was irrelevant to the materiality of Farkas' misstatements and omissions. Id. And the record clearly belies Farkas' assertion that his counsel was prevented from questioning the second witness as to the amount of collateral available to Colonial Bank. Thus, Farkas fails to establish error in the application of collateral estoppel.

6

II.

Farkas finally asserts that the district court committed reversible error by failing to explain the findings supporting its imposition of injunctive relief, precluding meaningful appellate review of that issue. The SEC asserts that the record is so clear as to make remand unnecessary. We agree with the SEC.

In moving for summary judgment, the SEC again relied on facts addressed in Farkas' criminal prosecution to support its request for summary judgment as to the injunctive relief. Farkas does not assert that injunctive relief is improper in his case, and, importantly, he did not raise such an argument in opposing the SEC's motion for summary judgment in the district court. Where a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" in responding to a summary judgment motion, the court is permitted to "consider the fact undisputed for purposes of the motion," and to "grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Because Farkas did not challenge the facts identified by the SEC in support of injunctive relief, the court was entitled to treat them as undisputed in considering the motion.

7

We find that those facts, as well as our prior findings in Farkas' direct appeal, see Farkas, 474 F. App'x at 351-52, amply support the court's decision to impose the requested relief. See, e.g., SEC v. Bankosky, 716 F.3d 45, 48 (2d Cir. 2013) (listing factors to consider in analyzing "unfitness" to serve as officer or director, as required to impose officer and director bar); SEC v. Pros Int'l, Inc., 994 F.2d 767, 769 (10th Cir. 1993) (addressing factors to consider in evaluating likelihood of repetition of securities fraud, as required for injunction); SEC v. Bonastia, 614 F.2d 908, 912 (3d Cir. 1980) (listing factors to consider in imposing permanent injunction); see also 15 U.S.C. § 78u(d)(5) (2012) (authorizing district court, in action under securities laws, to impose "any equitable relief that may be appropriate or necessary for the benefit of investors").

## III.

Farkas also requests that we place his appeal in abeyance pending the resolution of his ongoing 28 U.S.C. § 2255 (2012) proceeding. We find such relief unwarranted in this case, given the indisputable finality of his criminal judgment and the extended delay that would likely result from such a stay. Should Farkas prove successful in vacating his convictions under § 2255, he may seek relief from the civil

8

judgment in the district court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, we deny Farkas' motion for abeyance and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED