VISIÓN EN ANÁLISIS Y ESTRATEGIA, S.A., a Mexican Corporation, Capitaliza–T, Sociedad de Responsabilidad Limitada de Capital Variable, a Mexican Corporation, Plaintiffs–Appellants,

v.

Karl ANDERSEN, Kenneth A. Landgaard, Arthur L. Bowen, William C. Coyle, Brock Bagley, David Mickelson Insurance Services, Erwin Legal, P.C., Christopher R. Erwin, PW Insurance Agency Corp., Leon Lowenthal, Meyer Gertner, Randy W. Bagley, Defendants–Appellees,

Stavanger Holdings, Ltd., Hedmark Capital Ltd., Defendants.

No. 15–2606

United States Court of Appeals, Second Circuit.

October 5, 2016

For Plaintiffs–Appellants: Ruth F. Masters, MastersLaw, Oak Park, IL; Maria C. Georgina Fabian and Cory White, The International Business Law, LLC, Chicago, IL.

For Defendants–Appellees Karl Andersen, Leon Lowenthal, Meyer Gertner, and PW Insurance Agency Corp.: Ira S. Lipsius, Lipsius–Benhaim Law LLP, Kew Gardens, NY.

For Defendants–Appellees David Mickelson Insurance Services, Erwin Legal, P.C., and Christopher R. Erwin: Jordan Danforth Wolff, Ellenoff Grossman & Schole LLP, New York, NY.

For Defendant–Appellee Brock Bagley: Brock Bagley, pro se, Cormal, IN.

For Defendant–Appellee Randy W. Bagley: Randy W. Bagley, pro se, Tipton, IN.

PRESENT: Jon O. Newman, José A. Cabranes, Circuit Judges, Jane A. Restani, Judge.*

## SUMMARY ORDER

Plaintiffs-appellants Visión en Análisis y Estrategia, S.A. and Capitaliza–T, Sociedad de Responsabilidad Limitada de Capital Variable ("plaintiffs") brought a diversity action for breach of contract, fraud and breach of fiduciary duties in connection with the sale and management of a life insurance policy. The plaintiffs, proceeding *pro se*, appeal from the July 24, 2015 judgment of the District Court dismissing the complaint for failure to join an indispensable party and the October 7, 2015 judgment of the District Court denying the motion for reconsideration.

On appeal, the plaintiffs assert that the District Court abused its discretion by concluding that Tranen Capital Alternative Investment Fund, Ltd. and Tranen Capital, Ltd. (jointly, "Tranen") were "necessary parties." *See* Fed. R. Civ. P. 19. Specifically, they argue that the District Court: (1) improperly found that Tranen's interests would be impeded by proceeding in their absence; (2) failed to separately analyze each cause of action; and (3) incorrectly denied the motion for reconsideration in light of the fact that Tranen is in liquidation proceedings. For the reasons set forth below, we affirm the District Court's judgement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* The Honorable Jane A. Restani, Judge for the United States Court of International Trade,

## DISCUSSION

We review the District Court's decisions to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 19 and to deny a motion to reconsider for "abuse of discretion." *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Upon such review, we find that the District Court acted within its discretion for the reasons articulated in its July 24, 2015 and October 7, 2015 opinions. Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom*, 212 F.3d at 724. Rule 19(a) provides, in relevant part, that an absent party is a necessary party if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Second, if "the court makes a threshold determination that a party is necessary under Rule 19(a), and [if, as

sitting by designation.

here,] joinder of the absent party is not feasible for jurisdictional ... reasons, the court must ... determine whether the party is 'indispensable'" under Rule 19(b). *Viacom*, 212 F.3d at 725.

The District Court clearly identified Tranen's interests in the cause of action.[1] Under Rule 19(a), the District Court specified that Tranen's interests arose from the July 2011 Assignment and August 2011 Contract between Tranen and the plaintiffs, as well as from the amended complaint's direct allegations of fraud against Tranen. *See* J.A. at 149–150. "If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002); *see also S.E.C. v. Bankosky*, 716 F.3d 45, 47 (2d Cir. 2013). The interests presented here are sufficient. Under Rule 19(b), the District Court then reasonably concluded that the absent parties' interests would be practically impeded in their absence. The District Court cited two factors: (1) resolution of the plaintiffs' claims would require determination of Tranen's rights and obligations under the July 2011 Assignment and the August 2011 Contract; and (2) certain defendants, who are former directors and officers of Tranen, could not adequately represent its current interests. *See* J.A. at 150–52. The District Court acted well within its discretion to find that Tranen was a "necessary party."

We are also unpersuaded by the plaintiffs' argument that the District Court should have analyzed each cause of action separately. "Each claim in the Amended Complaint ... relates to the same sequence of transactions in which Tranen ... [was] intimately involved." J.A. at 161–62; *see Bankosky*, 716 F.3d at 47. Insofar as Tranen directly participated in the alleged fraud and entered into a contract with the plaintiffs to manage the life insurance policy, the District Court reasonably concluded that "Tranen['s] ... actions are simply too interwoven throughout the Amended Complaint to dismiss only those counts directly implicating the behavior of their officers and directors." J.A. at 161–62. Despite conceding that Tranen is a necessary party to the breach of contract claim, the plaintiffs did not explain how the other claims of fraud and breach of fiduciary duty could be resolved without determining Tranen's rights and obligations under their contract. Accordingly, the District Court was also well within its discretion in finding Tranen to be a necessary party to the entire case.

■ Finally, we reject the plaintiffs' claim that the District Court improperly denied the motion for reconsideration by failing to account for Tranen's liquidation and lack of readily realizable assets. The plaintiffs' argue that Tranen's interest in its "good name or good will" was diminished when the company entered into liquidation. Thus, they imply that its interests could no longer be impaired by their absence in this case. *See Bankosky*, 716 F.3d at 47. However, the District Court correctly observed that its ruling was not predicated on Tranen's "good name or good will." Rather, Tranen was deemed a necessary party because determining its participation in the alleged fraud and its rights and obligations on its contract could not be avoided. Notably, there is ongoing litigation between the plaintiffs and Tranen over who holds the beneficial interest in

---

1. The amended complaint also contained alter-ego allegations against Tranen. *See* J.A. at 12–13. The District Court did not base its necessary party finding on this rationale. Therefore, it is not necessary to discuss that allegation further. *See* J.A. at 149 (7/24/15 Mem. & Order).

the life insurance policy in the present case. In addition, the plaintiffs had an adequate alternative remedy in state court through which to pursue their claims, even after the District Court denied their motion for reconsideration. *See Bankosky*, 716 F.3d at 47. We conclude, therefore, that the plaintiffs' claim regarding the District Court's denial of the motion for reconsideration is without merit.

## CONCLUSION

We have considered all of the plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.