15-2951-cv
*U.S. Securities and Exchange Commission v. Knight*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                    *Circuit Judges,*
            KIYO MATSUMOTO,
                    *District Judge.**

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

          *Plaintiff-Appellee,*                  15-2951-cv

          v.

ANTHONY M. KNIGHT,

          *Defendant-Appellant.+*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Martin V. Totaro, Senior Counsel (Sanket J. Bulsara, Deputy General Counsel, John W. Avery, Deputy Solicitor, *on the brief*), |

---

\* Judge Kiyo Matsumoto, United States District Court for the Eastern District of New York, sitting by designation.

+ The Clerk of Court is directed to amend the official caption as set forth above.

|                              | Securities and Exchange Commission, Washington, DC. |
|------------------------------|-----------------------------------------------------|
| **FOR DEFENDANT-APPELLEE:**  | Anthony M. Knight, pro se, Chula Vista, CA.         |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 3, 2015 judgment is **AFFIRMED**.

Anthony M. Knight cofounded ishopnomarkup.com ("iShop") in 1999. Through a series of unregistered stock offerings in late 1999 through mid-2000, iShop raised approximately $2.3 million from investors. In 2004, the SEC filed a civil enforcement action against Knight, iShop, and others, charging violations of the antifraud provisions of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and Rule 10b-5, 17 C.F.R. § 240.10b-5; and the registration provisions of Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) & (c). Only the claims against Knight proceeded to trial. Following a fourteen-day trial, the jury returned a verdict in favor of the SEC. After trial, Knight moved for a directed verdict or, alternatively, a new trial, which the District Court denied.

On appeal, Knight, proceeding *pro se*, challenges the jury's findings as well as the remedies imposed by the District Court. We address each of his arguments in turn and we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court may set aside a jury's verdict pursuant to [Federal Rule of Civil Procedure] 50 only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 127–28 (2d Cir. 2012) (internal quotation marks omitted). We review *de novo* the denial of a Rule 50 motion, applying the "same stern standards." *Id.* at 128 (internal quotation marks omitted).[1]

---

[1] "We review for abuse of discretion a district court's denial of a motion for a new trial pursuant to Rule 59." *Bucalo*, 691 F.3d at 128. However, Knight's failure to provide the entire trial transcript precludes meaningful review of whether, based on all the evidence submitted at trial, the verdict was "(1) seriously erroneous or (2) a miscarriage of justice." *See ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 99 (2d Cir. 2014). Because Knight's failure to provide transcripts "deprives this Court of the ability to conduct meaningful appellate review," we therefore dismiss his challenge to the denial of his Rule 59 Motion. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

We review a district court's evidentiary rulings for abuse of discretion, but "an erroneous evidentiary ruling warrants a new trial *only* when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error." *Warren v. Pataki*, 823 F.3d 125, 137–38 (2d Cir. 2016) (internal quotation marks omitted and emphasis added).

Knight argues that the SEC's claims were time barred under 28 U.S.C. § 2462, which provides a five-year period in which to bring certain causes of action. His argument is meritless. Assuming *arguendo* that Section 2462 applies, the SEC's claims did not accrue until the alleged violations of the securities laws, the earliest of which was September 21, 1999. *See Gabelli v. SEC*, 133 S. Ct. 1216, 1220–24 (2013) (holding that statute of limitations for SEC enforcement actions begins when fraudulent action occurs). Because the SEC's complaint was filed on September 20, 2004, the SEC's claims were not barred by the statute of limitations.

Knight also raises various challenges to the jury's finding that he violated Sections 17(a) and 10(b) and Rule 10b-5. "Section 10(b) of the Exchange Act and Rule 10b-5, which prohibit fraud in the purchase or sale of a security, are violated if a person has (1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." *SEC v. Frohling*, 851 F.3d 132, 136 (2d Cir. 2016) (internal quotation marks omitted). "Scienter may be established through a showing of reckless disregard for the truth, that is, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care." *Id.* (internal quotation marks and alteration omitted). "The elements of a claim under § 17(a) of the Securities Act, which prohibits fraud in the 'offer or sale' of a security, 15 U.S.C. § 77q(a), are essentially the same as the elements of claims under § 10(b) and Rule 10b-5." *Id.* (internal quotation marks and alteration omitted).

First, Knight argues that the SEC failed to present sufficient evidence of materiality as to alleged misrepresentations and omissions in two confidential offering memoranda drafted by Knight because the memoranda contained warnings that iShop was a startup and therefore an inherently risky investment. However, general disclosures "about why a security, as described, might perform poorly cannot overcome" proof that the "description of that security was materially inaccurate." *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 126 (2d Cir. 2013).

Second, Knight asserts that there was insufficient evidence of scienter because he reasonably relied on the advice of counsel when drafting the memoranda. Upon review, we conclude that, based on the evidence presented at trial, the jury could reasonably have found that Knight failed to make a "complete disclosure to counsel" and therefore properly reject Knight's reasonable-reliance defense. *Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994).

Third, Knight contends that, under the Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), he cannot be held liable for the alleged misstatements

3

and omissions in the two memoranda because iShop, not Knight, was the "maker" of the statements in the memoranda. Assuming *arguendo* that Knight's reading of *Janus* is correct, and that iShop, not Knight, had ultimate authority over the statements in the offering memoranda, the SEC presented sufficient evidence at trial such that the jury could reasonably conclude that Knight was in fact the "maker" of other fraudulent statements.[2] Moreover, *Janus* applies only to subsection (b) of Rule 10b-5, not subsections (a) or (c), which address scheme liability. *See* 17 C.F.R. § 240.10b-5(a), (c); *see also SEC v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 287 (2d Cir. 2013) (observing that subsection (b) "was the only subsection at issue in *Janus*"). Because the jury returned a general verdict as to Rule 10b-5 liability, it could reasonably have concluded that Knight was liable under either of these subsections in addition to under subsection (b). *See Pentagon Capital*, 725 F.3d at 287 (affirming that traders' fraudulent activities independently satisfied the requirement of scheme liability under Rule 10b-5(a) and (c)). Knight's alter-ego argument fails for the same reason.

Fourth, Knight argues that the District Court erred by allowing into evidence the video deposition of Ian Noakes. Knight argues that his attorneys received no notice of the deposition. As the District Court noted, however, SEC counsel taking the deposition stated on the record that Knight's attorneys had advised her that they would not appear. On appeal, Knight cites nothing in the record to refute that statement, which, as the District Court found, implied that counsel was aware of the deposition. Even if we assume *arguendo* that the District Court erred, moreover, we conclude that, because the testimony in the video deposition was cumulative of live testimony presented at trial, Knight cannot demonstrate that the jury was "swayed in a material fashion by the error" and, thus, any error was harmless. *Warren*, 823 F.3d at 138.

Knight also challenges the jury's finding that he violated Section 5, arguing that the stock offerings were exempt from registration under Rule 506, 17 C.F.R. § 230.506. "To state a cause of action under Section 5, one must show (1) lack of a [required] registration statement as to the subject securities; (2) the offer or sale of the securities; and (3) the use of interstate transportation or communication and the mails in connection with the offer or sale." *Frohling*, 851 F.3d at 136 (internal quotation marks omitted). "A person not directly engaged in transferring title of the security can be held liable under § 5 if he or she engaged in steps necessary to the distribution of unregistered security issues." *Id.* (internal quotation marks and alteration omitted). A defendant bears the burden of establishing that he was exempt from registration. *SEC v. Cavanagh*, 445 F.3d 105, 111 n.13 (2d Cir. 2006).

---

[2] Accordingly, we need not address whether *Janus* is applicable to Section 17(a)(2), which does not explicitly predicate liability on having "made" a statement. *See* 15 U.S.C. § 77q(a)(2) ("to obtain money or property *by means* of any untrue statement of a material fact or any omission to state a material fact" (emphasis added)).

Upon review of the record, we conclude that, despite Knight's challenges to the trial and jury instructions with respect to unaccredited investors who allegedly participated in the stock offerings, the jury could have reasonably concluded that the stock offerings were public offerings and that Knight was therefore ineligible for a Rule 506 exemption on that ground alone. *See* 17 C.F.R. §§ 230.502(c) and 230.506(b)(1) (limiting the exemption to the registration requirement to where the offer or sale was not promoted "by any form of general solicitation or general advertisement").

Finally, we review a district court's choice of remedies for abuse of discretion. *SEC v. Razmilovic*, 738 F.3d 14, 38 (2d Cir. 2013) (civil penalties); *SEC v. Bankosky*, 716 F.3d 45, 47 (2d Cir. 2013) (officer and director bar); *SEC v. First Jersey Sec. Inc.*, 101 F.3d 1450, 1474–76 (2d Cir. 1996) (disgorgement and prejudgment interest). After careful review of the record, we find no error in the District Court's choice of remedies.

## CONCLUSION

We have considered all of the arguments raised by Knight and find them to be without merit. For the foregoing reasons, the September 3, 2015 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk