24-1041-ag
*Stewart v. S.E.C.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
 DENNY CHIN,
 SARAH A. L. MERRIAM,
 *Circuit Judges*.

_____

SEAN R. STEWART,

  *Petitioner*,

  v.  24-1041-ag

UNITED STATES SECURITIES &
EXCHANGE COMMISSION,

  *Respondent*.

_____

FOR PETITIONER:  DAVID S. SLOVICK (Charlotte H. Underwood, *on the brief*), Barnes & Thornburg LLP, New York, NY.

FOR RESPONDENT:                         ARCHITH RAMKUMAR (Megan Barbero, Dominick V. Freda, *on the brief*), Office of the General Counsel, United States Securities & Exchange Commission, Washington, D.C.

Petition for review of an order of the United States Securities and Exchange Commission (the "Commission") entered on February 27, 2024.

**UPON DUE CONSIDERATION**, the petition is **DENIED**.

In 2019, petitioner Sean R. Stewart ("Stewart") was convicted by a jury of multiple counts of securities fraud relating to insider trading. *See United States v. Cunniffe (Stewart)*, 1:15CR00287(JSR) (S.D.N.Y. Oct. 24, 2019). While Stewart's criminal case was pending, the Commission initiated a civil enforcement action against Stewart. *See S.E.C. v. Stewart*, No. 1:15CV03719(AT) (S.D.N.Y. May 14, 2015). The parties resolved the civil enforcement action by entry of a stipulation and consented to final judgment, in which Stewart consented to entry of a permanent injunction barring him from violating various securities laws. Stewart stipulated to the facts alleged in the civil enforcement complaint and agreed that "in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, [Stewart] understands that he shall not be permitted to contest the factual allegations of the complaint in this action." *Id.*, ECF No. 116-1 at 3.

On September 1, 2020, the Commission instituted an administrative proceeding against Stewart pursuant to Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78*o*(b), and Section 203(f) of the Investment Advisers Act of 1940, 15 U.S.C.

§80b-3(f), to determine "if any remedial action is appropriate in the public interest." App'x at 6. Stewart and the Commission's Division of Enforcement filed cross-motions for summary disposition in the administrative proceeding. On February 27, 2024, the Commission granted the Division of Enforcement's motion and barred Stewart "from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization" and further "from participating in any offering of a penny stock . . . ." *Sean R. Stewart*, Exchange Act Release No. 34-99613, 2024 WL 835280 at \*9 (Feb. 27, 2024). Stewart now petitions for review of that action by this Court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## STANDARD OF REVIEW

Pursuant to the Administrative Procedure Act ("APA"), we will set aside the Commission's actions, findings, or conclusions of law if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A); *see also Tager v. S.E.C.*, 344 F.2d 5, 9 (2d Cir. 1965) ("The Commission must have a very large measure of discretion in determining what sanctions to impose at a particular time in particular cases. Absent a gross abuse of discretion, the courts should not attempt to substitute their untutored views as to what sanctions will best accord with the regulatory powers of the Commission."). The Commission's "findings of fact are conclusive if they are supported by substantial evidence." *Markowski v. S.E.C.*, 34 F.3d 99, 104 (2d Cir. 1994); *see also* 15 U.S.C. §78y(a)(4) ("The findings of the Commission

3

as to the facts, if supported by substantial evidence, are conclusive.").

## DISCUSSION

Stewart contends that the Commission erred in imposing a permanent investment adviser bar on him as a remedial sanction. He argues that the Commission abused its discretion in imposing the sanction, contending specifically: that no sanction can be applied without a showing of harm to an investor victim; that the Commission failed to consider an adequate lesser sanction; that the sanction was disproportionate to the underlying violation; and that the Commission failed to evaluate the impact of the sanction on his ability to earn a living. *See* Pet'r's Br. at 5-6.

Imposition of an investment adviser bar requires the Commission to provide "a specific enumeration of the factors . . . that merit permanent exclusion." *Steadman v. S.E.C.*, 603 F.2d 1126, 1140 (5th Cir. 1979), *aff'd*, 450 U.S. 91 (1981). The prevailing standard – first announced by the Fifth Circuit decades ago and since adopted by other Courts of Appeals, including this Court – instructs the Commission to consider the following six factors: (1) "the egregiousness of the defendant's actions"; (2) "the isolated or recurrent nature of the infraction"; (3) "the degree of scienter involved"; (4) "the sincerity of the defendant's assurances against future violations"; (5) "the defendant's recognition of the wrongful nature of his conduct"; and (6) "the likelihood that the defendant's occupation will present opportunities for future violations." *Id.* (citation omitted); *see also S.E.C. v. Bankosky*, 716 F.3d 45, 49 (2d Cir. 2013) (per curiam) ("[T]he set of factors cited in *Steadman* . . . are used to decide the propriety of injunctive relief in light of a defendant's past violations of the securities laws."). The Commission

must also consider the individual circumstances of the case, including any mitigating circumstances, to ensure that the sanction is "appropriately remedial and not excessive and punitive." *McCarthy v. S.E.C.*, 406 F.3d 179, 190 (2d. Cir. 2005).

Stewart's arguments are unavailing. In imposing the investment adviser bar, the Commission properly applied the *Steadman* factors to the undisputed facts. *First*, it found that there was "no genuine dispute that Stewart's misconduct was egregious," that Stewart's tippees "used the information provided by Stewart to place trades generating over $1.1 million in illicit proceeds," and that the jury in his criminal case had "conclusively determined that Stewart committed securities fraud 'for his personal benefit.'" App'x at 572. Rejecting Stewart's argument that his misconduct did not "harm the investing public," the Commission held that "insider trading *does* harm the public interest by undermining the public's confidence in the fairness of the securities market." App'x at 573. The Commission's finding that Stewart's conduct was egregious is supported by substantial evidence.

*Second*, the Commission found that Stewart's conduct was not aberrant or isolated. Rather, Stewart "continued to repeatedly engage in insider trading, even after he learned of the investigation." App'x at 572. Stewart's criminal conviction also established five instances of insider trading, and as the Commission observed, the allegations in the complaint in Stewart's civil case "establish that Stewart engaged in insider trading involving a sixth deal." App'x at 572. The Commission's finding that Stewart's conduct was recurrent is supported by substantial evidence.

*Third*, the Commission found "that Stewart acted with a high degree of scienter."

5

App'x at 573. The Commission observed that the jury's conviction necessarily established that Stewart acted "knowingly and intentionally" and "with a specific intent to defraud his employer by misappropriating to his own use information he knew the company required him to keep confidential." App'x at 573 (quotation marks and alteration omitted). The Commission also found "that Stewart took steps to avoid detection by lying to his employer about his activities when faced with a regulatory investigation into his insider trading." App'x at 572. The Commission's finding that Stewart's conduct involved a high degree of scienter is supported by substantial evidence.

The Commission also made adequate and well-supported findings regarding "the sincerity of [Stewart's] assurances against future violations," his "recognition of the wrongful nature of his conduct," and "the likelihood that [his] occupation will present opportunities for future violations." *Steadman*, 603 F.2d at 1140. The Commission credited Stewart's testimony acknowledging "the wrongfulness of his actions" and his "assurances against future violations." App'x at 574. It found, however, that these factors did not outweigh the concern that "Stewart would pose a substantial risk to the public if he participated in the securities industry in the future." *Id.* In particular, the Commission noted that "Stewart has demonstrated a concerning inability to follow through on his promises, even when they are made under oath," including lying about "spending money securing his bail when he knew he was prohibited from doing so" and repeatedly lying to his employer during the investigation. *Id.* The Commission reasoned that, "absent a bar, Stewart is likely to re-enter the securities industry, which would present the opportunity for future violations," *id.*, and concluded: "The egregious,

6

repeated, and intentional nature of Stewart's securities fraud violations . . . cause us to seriously doubt that he would fulfill his promise not to commit further violations if he reentered the securities industry." App'x at 575. The Commission's findings as to the fourth, fifth, and sixth *Steadman* factors are also supported by substantial evidence.

In sum, we find that the Commission thoroughly supported and explained its rationale for imposing the chosen sanction, and did not abuse its discretion.

Stewart also contends that the Commission erred by imposing a sanction based solely on "non-pecuniary harm," Pet'r's Br. at 3, citing *S.E.C. v. Govil*, 86 F.4th 89 (2d Cir. 2023). But *Govil* involved an entirely different sort of remedy – disgorgement – that was aimed at "restor[ing] the status quo" between the parties and not designed to "benefit the public at large." *Liu v. S.E.C.*, 591 U.S. 71, 80, 89 (2020); *see Govil*, 86 F.4th at 103. Here, by contrast, the investment adviser bar is premised "not on past harm to specific investors but rather on protecting investors generally and the future threat Stewart could pose to investors and the markets." App'x at 573; *see also id.* at 572 ("The remedy is intended to protect the trading public from further harm, not to punish the respondent." (citation and quotation marks omitted)).

We also reject Stewart's contention that the Commission did not consider the "impact" of the investment adviser bar on him. Pet'r's Br. at 34. The Commission found that the bar "reflect[ed] the severity of his misconduct" and that the financial loss that Stewart would experience because of the bar did not "mitigate the gravity of his conduct." App'x at 577 (citation and quotation marks omitted). On the record before us, we conclude that the sanction of an investment adviser bar is "appropriately remedial and

7

not excessive and punitive." *McCarthy*, 406 F.3d at 190.

We find no abuse of discretion in the Commission's imposition of an investment adviser bar on Stewart. Accordingly, for the foregoing reasons, Stewart's petition is **DENIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8